IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LAWRENCE J. BOVIALL                                                    PLAINTIFF

v.                              CIVIL NO. 11-3079

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lawrence J. Boviall, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his current application for SSI on March 9, 2006, alleging an inability to work since September 5, 2005, due a bipolar disorder, back pain. Hepatitis C, and attention deficit hyperactive disorder (ADHD). (Tr. 134-139) . An administrative hearing was held on July 14, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 13-41).

By written decision dated September 1, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 49). Specifically, the ALJ found Plaintiff had the following severe impairments: a back disorder

(sciatica), Hepatitis C, and a mood disorder (depression). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 50). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except that while the claimant can occasionally lift and/or carry twenty pounds, and frequently ten pounds, sit for six hours, and stand and/or walk for six hours, he can only occasionally climb, balance, crawl, stoop, kneel, and crouch. The claimant can only occasionally tolerate temperature extremes or hazards. He has moderate restriction in maintaining persistence, concentration, and pace. He is moderately limited in the ability to understand, remember, and carry out detailed instructions and in the ability to appropriately respond to usual work situations and routine work changes. Moderately means there is more than a slight limitation, but the claimant can perform in a satisfactory manner. The claimant can do work in which the complexity of tasks is learned and performed by rote with little judgment required and few variables.

(Tr. 51-52). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler, a housekeeper, and a machine tender. (Tr. 56).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 20, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs.8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.   Discussion:**

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because (1) the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence of the record; (2) the ALJ erred in his determination that Plaintiff was not credible; and (3) the ALJ erred in failing to explain or otherwise give reasons for disregarding the opinion of Dr. Smith.

**A.     RFC Determination and medical opinions**:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; the assessments completed by consultative mental and physical medical consultants, including Dr. Rito B. Maningo, Dr. Margaret A. Donohue, and Dr. Vann A. Smith; and Plaintiff's subjective complaints.

In making the RFC determination, the ALJ stated that he gave substantial evidence to the opinions of Plaintiff's examining and treating physicians. (Tr. 54). The Court acknowledges that had the ALJ given consultative examiner, Dr. Vann A. Smith's opinion that Plaintiff was disabled, substantial weight he would have determined Plaintiff to be disabled. However, a review of the record as a whole revealed substantial evidence to support the ALJ's determination that Plaintiff was not disabled. The record revealed that when Dr. Smith examined Plaintiff he did not have the opportunity to review any of Plaintiff's medical records, and relied at least partially on Plaintiff's subjective reports of his medical history. (Tr. 485-493). A review of the record revealed that Dr. Donohue, who also performed a consultative evaluation, and had the benefit of reviewing Plaintiff's medical records diagnosed Plaintiff with a mild depressed mood, and stated the following:

> The claimant can carry out complex detailed and simple tasks without difficulty. He is able to get along adequately with supervisors, coworkers, and the general public. He has no problem with concentration or attention.

(Tr. 331). It is clear from the record and the ALJ's determination that the ALJ gave more weight to the opinion of Dr. Donohue over that of Dr. Smith, which was completely within his authority so to do. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds substantial evidence of record to support the ALJ's RFC determination.

### B.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.

The record revealed that during the relevant time period, Plaintiff reported that with the exception of sometimes needing help with sock and shoes, he was able to take care of his personal needs, use a bus for transportation, prepare meals, shop in stores, attend his substance abuse counseling classes, and visit with his father and children over the weekend. (Tr. 181-188). The record also showed that in a psychiatric progress note dated April 28, 2008, Plaintiff reported that he was "doing well," and that he was late to this appointment because he was fixing a leaky bath tub. (Tr. 475). This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application was supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the

vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a small products assembler, a housekeeper, and a machine tender. <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 22nd day of October, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE